Case 3:25-cv-00255   Document 20   Filed on 12/01/25 in TXSD   Page 1 of 9

United States District Court
Southern District of Texas
**ENTERED**
December 01, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| HORIZON SURGERY CENTER, PLLC, | § § § § | |
| Plaintiff. | § § | CIVIL ACTION NO. 3:25-cv-00255 |
| V. | § § § | |
| D. REYNOLDS COMPANY, LLC, | § § § | |
| Defendant. | § | |

## MEMORANDUM AND RECOMMENDATION

Pending before me is Defendant's Partial Motion to Dismiss. Dkt. 13. I recommend that the motion be granted.

## BACKGROUND

Horizon Surgery Center, PLLC has sued D. Reynolds Company, LLC for alleged nonpayment of medical services that Horizon provided to Mary Bruce, a participant in Reynolds's health benefit plan (the "Plan"). Reynolds is the Plan's administrator. The Plan is governed by the Employee Retirement Income Security Act of 1974 ("ERISA"). According to Horizon, it provided healthcare services to Bruce between March 19, 2021, and March 18, 2022. Horizon claims that it confirmed Bruce's treatments were eligible for coverage under the Plan before providing the services. Bruce has assigned her rights to benefits under the Plan to Horizon. Horizon alleges that it is owed $579,548.40 for the services provided to Bruce and that Reynolds has wrongfully withheld payments under the terms of the Plan.

In its First Amended Complaint, Horizon asserts five causes of action: (1) denial of benefits under ERISA (29 U.S.C. § 1132(a)(1)(B)); (2) breach of fiduciary duty under ERISA (29 U.S.C. § 1132(a)(3)); (3) breach of contract; (4) promissory estoppel; and (5) quantum meruit. Reynolds moves to dismiss all of Horizon's claims aside from the ERISA denial of benefits claim. Specifically, Reynolds

contends that Horizon's ERISA breach of fiduciary duty claim is duplicative of its ERISA denial of benefits claim, and that Horizon's state law claims for breach of contract, promissory estoppel, and quantum meruit are preempted by ERISA.

## LEGAL STANDARD

A defendant may move to dismiss a complaint when a plaintiff fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). Conversely, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court." *Twombly*, 550 U.S. at 558 (cleaned up).

When evaluating a Rule 12(b)(6) motion, I accept "all well-pleaded facts as true and view[] those facts in the light most favorable to the plaintiff." *Cummings v. Premier Rehab Keller, P.L.L.C.*, 948 F.3d 673, 675 (5th Cir. 2020) (quotation omitted). I "do not, however, accept as true legal conclusions, conclusory statements, or naked assertions devoid of further factual enhancement." *Benfield v. Magee*, 945 F.3d 333, 336–37 (5th Cir. 2019) (cleaned up). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

## ANALYSIS

A motion to dismiss in the ERISA context is an "important mechanism for weeding out meritless claims." *Fifth Third Bancorp v. Dudenhoeffer*, 573 U.S. 409,

425 (2014). District courts are instructed to undertake "careful, context-sensitive scrutiny of a complaint's allegations" to "divide the plausible sheep from the meritless goats." *Id.*

**A.    HORIZON'S ERISA BREACH OF FIDUCIARY DUTY CLAIM IS DUPLICATIVE OF ITS ERISA DENIAL OF BENEFITS CLAIM**

Reynolds argues that Horizon's breach of fiduciary duty claim under ERISA should be dismissed because it is "predicated on the same operative facts, and seeks the same relief, as [Horizon]'s denial of benefits claim." Dkt. 13 at 4. In response, Horizon contends that its breach of fiduciary duty claim is distinct from its denial of benefits claim because its breach of fiduciary duty claim "targets [Reynolds's] flawed and unlawful process, not just its ultimate denial of payment." Dkt. 16 at 3. Horizon adds that Reynolds's failure "to adhere to federally mandated emergency extensions . . . is a clear breach of the duty of prudence and the duty to administer the plan in accordance with the law." *Id.*

ERISA's denial of benefits provision, 29 U.S.C. § 1132(a)(1)(B), authorizes a suit by a plan participant or beneficiary "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." ERISA's breach of fiduciary duty provision, 29 U.S.C. § 1132(a)(3), permits a party to bring a civil action "(A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan." Because "§ 1132(a)(3) only allows claims for the types of equitable relief typically available in equity, it follows, then, that relief under § 1132(a)(3) generally is unavailable when a plaintiff may seek monetary relief under § 1132(a)(1)(B)." *Innova Hosp. San Antonio, Ltd. v. Blue Cross & Blue Shield of Ga., Inc.*, 892 F.3d 719, 733 (5th Cir. 2018) (cleaned up).

Fifth Circuit precedent is clear that "a claimant whose injury creates a cause of action under . . . § [1132](a)(1)(B) may not proceed with a claim under . . .

§ [1132](a)(3)." *Manuel v. Turner Indus. Grp.*, 905 F.3d 859, 865 (5th Cir. 2018) (cleaned up). Indeed, courts "must focus on the substance of the relief sought and the allegations pleaded, not on the label used." *Gearlds v. Entergy Servs.*, Inc., 709 F.3d 448, 452 (5th Cir. 2013). Notably, the Fifth Circuit has affirmed dismissal of a breach of fiduciary duty claim under § 1132(a)(3) when the plaintiff had "an adequate mechanism for redress under § 1132(a)(1)(B)." *Innova Hosp.*, 892 F.3d at 734. Additionally, because "plaintiffs may attack problematic administrative claims procedures under . . . § [1132](a)(1)(B)," the Fifth Circuit has affirmed dismissal of such claims under § 1132(a)(3). *Manuel*, 905 F.3d at 867.

In its operative complaint, Horizon alleges that Reynolds "breached its fiduciary duties by incorrectly and untimely processing claims, failing to apply the applicable COVID-19 filing extension, and otherwise disregarding the terms of the Plan." Dkt. 8 at 5. The alleged injury that resulted from this alleged breach is "damages in the form of unpaid or underpaid claims." *Id.*

First, Horizon's alleged damages—unpaid or underpaid claims—are inextricably tied to the "benefits due to [Horizon] under the terms of [the] plan," making the denial of benefits section the appropriate avenue for redress. 29 U.S.C. § 1132(a)(1)(B). Second, Reynolds's allegedly "flawed and unlawful process," Dkt. 16 at 3, is no different than the "problematic administrative claims procedures" that the Fifth Circuit has said are appropriately addressed under § 1132(a)(1)(B), not § 1132(a)(3). *Manuel*, 905 F.3d at 867. Third, the monetary relief that Horizon seeks for its injury is clearly legal, not equitable. *See Mertens v. Hewitt Assocs.*, 508 U.S. 248, 255 (1993) ("Money damages are, of course, the classic form of *legal* relief.").

Because "a claimant whose injury creates a cause of action under . . . § [1132](a)(1)(B) may not proceed with a claim under . . . § [1132](a)(3)," Horizon may seek recovery from the Plan for allegedly unpaid and underpaid claims only under a denial of benefits theory. *Manuel*, 905 F.3d at 865 (cleaned up). Horizon's breach of fiduciary duty claim under § 1132(a)(3) fails because Horizon has an

"adequate mechanism for redress under" § 1132(a)(1)(B) for its alleged unpaid and underpaid claims. *Innova Hosp.*, 892 F.3d at 733. Accordingly, I recommend that Horizon's breach of fiduciary duty claim be dismissed.

**B.    ERISA PREEMPTS HORIZON'S STATE LAW CLAIMS**

Reynolds also moves to dismiss Horizon's Texas state law breach of contract, promissory estoppel, and quantum meruit claims. In support of dismissal, Reynolds argues that "all three of [Horizon's] state law claims 'relate to' both an ERISA plan and [Horizon]'s claim that it is entitled to benefits under the Plan." Dkt. 13 at 6. Reynolds also maintains that "the state law claims all directly affect the relationship among traditional ERISA entities – the employer, the plan and its fiduciaries, and the participants and beneficiaries." *Id.* In response, Horizon contends that Reynolds's "direct, pre-service communications created a separate promise and an independent relationship between Horizon and [Reynolds]." Dkt. 16 at 5.

"Section 514(a) of ERISA, 29 U.S.C. § 114(a), pre-empts 'any and all State laws insofar as they may now or hereafter relate to any employee benefit plan' covered by ERISA." *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 91 (1983). The Supreme Court has "observed repeatedly that this broadly worded provision is 'clearly expansive.'" *Egelhoff v. Egelhoff*, 532 U.S. 141, 146 (2001). The Fifth Circuit has adopted a two-part test for determining whether a claim relates to an employee benefit plan:

> In analyzing preemption issues under § 514(a), we first ask whether the benefit plan at issue constitutes an ERISA plan; if it is, we must then determine whether the state law claims 'relate to' the plan. . . . In determining whether state law claims 'relate to' a plan, we have commonly asked (1) whether the state law claims address areas of exclusive federal concern, such as the right to receive benefits under the terms of an ERISA plan; and (2) whether the claims directly affect the relationship among the traditional ERISA entities—the employer, the plan and its fiduciaries, and the participants and beneficiaries.

*Woods v. Tex. Aggregates, L.L.C.*, 459 F.3d 600, 602 (5th Cir. 2006).

Here, there is no dispute that ERISA governs the Plan. So, to determine whether Horizon's state law claims are preempted by ERISA, I must ascertain whether the claims "relate to" the Plan. Because Horizon's state law claims clearly "address areas of exclusive federal concern" and "directly affect the relationship among the traditional ERISA entities," I recommend that each of Horizon's state law claims be dismissed. *Id.*

### 1. *Breach of Contract*

I first note that Horizon has failed to explain why its breach of contract claim is *not* preempted by ERISA. In its live complaint, Horizon alleges that "its representatives spoke with [Reynolds]'s representatives to verify [Bruce]'s eligibility *under [Reynolds]'s health plan* and confirm that [Reynolds] would pay for the medical services." Dkt. 8 at 5 (emphasis added). Horizon further alleges that it performed the services and Reynolds "breached the Agreement by failing to pay [Horizon]'s customary and usual billed charges for the services provided to [Bruce]." *Id.* at 6. These allegations are inextricably related to the Plan because they "arise out of a claim for benefits under an ERISA plan." *Holick v. Aetna Life Ins. Co.*, No. 4:19-cv-02976, 2020 WL 5412635, at *4 (S.D. Tex. Sept. 8, 2020). The buck stops there.

Horizon observes that the Fifth Circuit held a state law breach of contract claim *not* to be preempted by ERISA in *Innova Hospital*. *See* Dkt. 16 at 4. But Horizon's comparison misses the mark. The contract allegedly breached in *Innova Hospital* was a non-ERISA contract, separate and distinct from the ERISA plan at issue. *See Innova Hosp.*, 892 F.3d at 732. That is not the case here. Horizon alleges it verified Bruce's coverage "*under [Reynolds]'s health plan*." Dkt. 8 at 5 (emphasis added). Yet, Horizon has not identified any other contract—aside from the Plan— that could form the basis of a breach of contract claim. As such, I recommend that Horizon's breach of contract claim be dismissed with prejudice. *See Swenson v. United of Omaha Life Ins. Co.*, 876 F.3d 809, 810 (5th Cir. 2017) (affirming dismissal with prejudice of state law claims on ERISA preemption grounds).

### *2.    Promissory Estoppel*

Horizon's promissory estoppel claim is based on allegations that:

> Before [Horizon] rendered reasonable and necessary medical services . . . , [it] received verification by telephone from [Reynolds] that a health benefit plan covered [Bruce] and the particular procedures. Additionally, [Reynolds] verified that [Horizon] would be paid a reasonable amount for the services rendered. [Horizon] would not have provided these services to [Bruce] without obtaining this verification from [Reynolds].

Dkt. 8 at 6.

To the extent that a healthcare provider's promissory estoppel claim "is dependent on, and derived from the rights of the plan beneficiaries to recover benefits under the terms of the plan," the claim is preempted. *Access Mediquip L.L.C. v. UnitedHealthcare Ins. Co.*, 662 F.3d 376, 383 (5th Cir. 2011), *opinion reinstated on reh'g*, 698 F.3d 229 (5th Cir. 2012); *see also Transitional Hosps. Corp. v. Blue Cross & Blue Shield of Tex., Inc.*, 164 F.3d 952, 955 (5th Cir. 1999). On the other hand, "ERISA does not preempt a third-party provider's state-law claims based on allegations that the defendants misrepresented that the beneficiary was covered by an ERISA plan when he or she was not." *Houston Metro & Spine Surgery Ctr., LLC v. Health Care Serv. Corp.*, No. CV H-16-1402, 2017 WL 1231072, at *2 (S.D. Tex. Apr. 4, 2017).

Horizon does not contend that Reynolds misrepresented that Bruce was covered by an ERISA plan when she was not covered. Rather, Horizon claims that it received "verification" that it would be paid a reasonable amount for the services it rendered to Bruce. Dkt. 8 at 6. Relying heavily on *Memorial Hospital Systems v. Northbrook Life Insurance Co.*, 904 F.2d 236 (5th Cir. 1990), Horizon argues that its promissory estoppel claim is not preempted because its "right to relief is derived from [Reynolds]'s direct representations to Horizon, not from [Bruce]'s rights under the Plan." Dkt. 16 at 5.

*Memorial Hospital* is readily distinguishable from the facts at bar. The plaintiff in that case brought a cause of action for negligent misrepresentation

7

when a health plan administrator misrepresented that a plan beneficiary was covered by a health plan, when she in fact was not covered by the plan. *See Memorial*, 904 F.2d at 238. As such, the plaintiff's negligent misrepresentation claim was "independent of the plan's actual obligations under the terms of the insurance policy and in no way [sought] to modify those obligations." *See id.* at 250. The crux of this dispute, however, is not Bruce's coverage under the Plan, but whether the claims that Horizon has submitted on her behalf are eligible for payment under the Plan. Thus, *Memorial Hospital* is inapplicable.

Taking as true Horizon's claim that its "right to relief is derived from [Reynolds]'s direct representations to Horizon," those "direct representations" concern the terms and benefits of the Plan. Dkt. 16 at 5. Perhaps more importantly, the promissory estoppel claim requires interpreting the Plan's terms to ascertain the extent to which Reynolds would be obliged to pay to Horizon for Bruce's treatments. This applies equally to the alleged unpaid and underpaid claims that Horizon asserts form the basis of its injury. *See Houston Metro & Spine Surgery Ctr., LLC*, 2017 WL 1231072, at *3 (holding that ERISA preempted a promissory estoppel claim because "[b]oth the no-payment and partial-payment claims require interpreting the plan terms."). "Whether there was a misrepresentation is 'dependent on, and derived from the rights of [Bruce] to recover benefits under the terms of the plan.'" *Id.* (quoting *Transitional Hosps.*, 164 F.3d at 955). Thus, I recommend that Horizon's promissory estoppel claim be dismissed with prejudice because it is preempted by ERISA.

### 3.   *Quantum Meruit*

Horizon alleges that Reynolds "accepted . . . the medical services provided by [Horizon]"; Reynolds "has not paid for such services and things of value"; and Horizon "is entitled to payment from [Reynolds] for the reasonable value of the services rendered in an amount to be proven at trial." Dkt. 8 at 6. Akin to its breach of contract claim, Horizon has failed to explain why its state law quantum meruit claim is not preempted by ERISA.

Horizon's quantum meruit claim "unquestionably 'relate[s] to' the plan, as [it] is seeking to recover damages for conduct surrounding the denial of benefits under the plan." *Young v. Prudential Ins. Co. of Am.*, No. CIV A H-07-612, 2007 WL 1234929, at *4 (S.D. Tex. Apr. 24, 2007) (citation modified). As in *Young*, there can be no quantum meruit claim without the denial of benefits under the Plan. Allowing this claim to proceed would "run afoul of Congress's intent that the causes of action created by ERISA be the exclusive means of enforcing an ERISA plan's terms, and permit state law to interfere with the relations among ERISA entities." *Access Mediquip*, 662 F.3d at 387. Because Horizon's quantum meruit claim plainly relates to the Plan, it is preempted by ERISA. For that reason, I recommend that Horizon's state law quantum meruit claim be dismissed with prejudice.

## CONCLUSION

For the reasons discussed above, I recommend that Reynolds's partial motion to dismiss (Dkt. 13) be granted.

The parties have 14 days from service of this Memorandum and Recommendation to file written objections. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2). Failure to file timely objections will preclude appellate review of factual findings and legal conclusions, except for plain error.

SIGNED this 1st day of December 2025.

_____
ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE

9